UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ANAMA, LLC, a Florida limited
liability company,

           Plaintiff,

   v.

AMANA SOCIETY, INC., an Iowa
corporation,

           Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, ANAMA, LLC ("Anama" or "Plaintiff"), hereby sues Defendant, AMANA SOCIETY, INC. (the "Society" or "Defendant"), and alleges:

### NATURE OF THE ACTION

1. This is an action seeking a declaration under 28 U.S.C. § 2201 that Plaintiff has a right to sell fashion apparel bearing its brand name and to register the trademarks in the brand name. This is also an action for injunctive relief.

### THE PARTIES

2. Plaintiff is a limited liability company duly organized under the laws of the State of Florida, having their principal place of business located in this District.

3. Upon information and belief, Defendant, the Society, is corporation organized under the laws of the state of Iowa. According to the Iowa Secretary of State's online database,

the Society has its "home office" at 506 39th Ave, PO Box 189, Amana, Iowa, 52203. The Society's agent for service of process is Caroline Ertz, located at the same address.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as a declaratory judgment action arising under the trademark laws of the United States as set forth in the Lanham Act, 15 U.S.C. § 1051, *et seq.*

5.  This Court has personal jurisdiction over Defendant because Defendant is, upon information and belief, engaged in substantial and not isolated activity within this state, including the advertising and sale of their goods through the Internet and into this District.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the acts and events giving rise to the controversy, more particularly the Society's demand letter, was received in this District.

## GENERAL ALLEGATIONS

7.  Since 2006, Plaintiff has sold young and contemporary men's and women's fashion apparel under the trademark ANAMA at more than 1,000 upscale boutiques nationwide, as well as Plaintiff's showrooms in Miami, New York, and Los Angeles. The ANAMA name comes from the Sanskrit word for soul.

8.  The ANAMA collection is European-inspired and features edgy graphic prints combined with subtle details for a softer look. The ANAMA collection embodies a youthful, trendy theme.

9.  Plaintiff's ANAMA fashions have been worn by such celebrities as Tyrese Gibson, Adam Sandler, and Penelope Cruz. Plaintiff's ANAMA fashions have received

extensive media coverage and have been featured at the Sundance Film Festival and the Black Entertainment Television network's awards gala.

10. On October 3, 2006, Plaintiff filed for federal trademark registration of the mark ANAMA for a variety of apparel items in Class 25. On February 24, 2009, the United States Patent and Trademark Office ("USPTO") issued a Notice of Allowance on the application. At no time during the application process did the USPTO Examiner find any conflict between the ANAMA mark and any other trademark.  The mark was published for public opposition in the USPTO's *Official Gazette* on August 26, 2008, and no objection to the trademark was made by the Society or by anyone else. A registration based on this application is expected to issue any day.

11. Upon information and belief, the Society is a corporation created by the Amana Colonies community in eastern Iowa, to operate the community's communal economy.

12. Upon information and belief, the Amana Colonies community originated from a religious movement called the Community of True Inspiration, which was started in 1714 in Germany.

13. Upon information and belief, in 1854, the Community of True Inspiration settled the Amana Colonies, a community of six neighboring villages in eastern Iowa dedicated to a communal, agrarian way of life

14. Upon information and belief, in 1859, the Community of True Inspiration incorporated under the name Amana Society, choosing the name from the Song of Solomon 4:8, in which Amana means to "remain true."

3

15. Upon information and belief, in 1932, the Amana Society reincorporated itself as Defendant, Amana Society, Inc.

16. Upon information and belief, the Amana Colonies have maintained their traditional ways and are now a historic tourist attraction frequented by visitors who wish to see the historic Amana community and its unique way of life.

17. Upon information and belief, the Society, either directly or through licensees, operates shops targeted to tourists that specialize in craft items.  In its tourist brochure, the Society stresses that its traditional goods are special and that it offers "unique shops – none of which are coming to a mall near you."

18. Upon information and belief, the Society, either directly or through licensees, sells clothing at these tourist shops bearing the trademark AMANA that are either in the nature of souvenir t-shirts or traditional craft clothing.

19. Upon information and belief, the Society, either directly or through licensees, offers goods through mail order and via the Internet, and accepts orders from Florida and ships goods to customers in Florida.

20. Upon information and belief, the Society's mark is pronounced Ah-MAN-ah, with the stress on the middle syllable.

21. Plaintiff's mark is pronounced ah-nah-MAH, with the stress on the final syllable.

22. In addition to the differences in spelling, the marks as pronounced sound very different from one another.

23. On April 22, 2010, counsel for the Society sent undersigned counsel a letter alleging that Plaintiff's ANAMA mark is likely to create confusion with the Society's use of its mark and would dilute the Society's AMANA mark.

24. In that letter, the Society sought for Plaintiff to withdraw its trademark applications for ANAMA and discontinue all use of the ANAMA mark on clothing. The Society further indicated its willingness to institute a proceeding to cancel Plaintiff's trademark registration, once it issues, or to sue Plaintiff to enjoin its use of its mark, should Plaintiff not comply with the Society's demands.

25. Plaintiff is therefore under imminent fear of litigation.

26. All conditions precedent to the institution of this action have been waived, performed, or have occurred.

27. Plaintiff has retained the undersigned counsel to represent it in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## DECLARATORY RELIEF UNDER 28 U.S.C. § 2201

28. This is an action for declaratory relief under 28 U.S.C. § 2201.

29. Plaintiff is the common law owner of the ANAMA trademark and is soon to be the owner of a federal trademark registration for the mark.

30. Given the visual and phonetic differences between the marks, and particularly given the drastically different types of clothing sold by Plaintiff and the Society, the different target markets for each, and the different channels of trade in which they are sold, there is no

likelihood of confusions between Plaintiff's ANAMA fashion line and the Society's AMANA souvenir clothing and traditional craft clothing.

31. As a result of the Society's threats and demands, an actual case or controversy exists between the parties as to whether Plaintiff can continue to freely use and enjoy the use of the trademark and to enjoy federal trademark protection in its brand.

32. Based on the Society's written threats, Plaintiff has a reasonable apprehension that it will be sued for trademark infringement and unfair competition, and that the Society will institute proceedings to cancel its soon-to-be-issued trademark registration, and that Plaintiff's rights to its trademark will be furthered injured.

33. If this Court declares that Plaintiffs has the right to use and register its trademark, then the Society should be enjoined from further threats or public statements to the contrary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, Amana Society, Inc., and the Court's entry of an order:

a. declaring the Plaintiff's use and registration of the ANAMA trademark does not violate the Society's rights in its trademarks;

b. declaring that Plaintiff has the right to use the ANAMA trademark, and to obtain federal trademark registration for the ANAMA trademark, without restriction;

c. enjoining the Society from disparaging, threatening or taking any other action to harm Plaintiff or to interfere with its rightful use and registration of its mark;

d. awarding Plaintiff its reasonable attorneys' fees, costs and expenses in this action;

e. requiring the Society to disclose all actions it has taken adverse to Plaintiffs;

      f.    retaining jurisdiction to award further damages for all additional adverse conduct thereby disclosed, and

      g.    granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: May 18, 2010

                Respectfully submitted,

                ESPINOSA|TRUEBA PL

By: __s/ Michael Tschupp_____
      Jorge Espinosa
      Florida Bar No. 779032
      Jespinosa@etlaw.com
      Michael E. Tschupp
      Florida Bar No. 34656
      Mtschupp@etlaw.com
      3001 SW 3rd Ave.
      Miami, Florida 33129
      Tel: 305-773-3450
      Fax: 305-285-5555

*Counsel for Plaintiff*